1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    DAVID ABRAHAM JOSEPH,                    No.  2:22-cv-01558-CKD P

12                          Plaintiff,

13          v.                                 ORDER

14    MONIVIRIN SON, et al.,

15                          Defendants.

16

17          Plaintiff, a former county inmate currently in state custody, is proceeding pro se in this

18    civil rights action filed pursuant to 42 U.S.C. § 1983.   This proceeding was referred to this court

19    by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

20          Plaintiff requests leave to proceed in forma pauperis.  As plaintiff has submitted a

21    declaration that makes the showing required by 28 U.S.C. § 1915(a), his request will be granted.

22    Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§

23    1914(a), 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the

24    initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.

25    Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding

26    month's income credited to plaintiff's prison trust account.  These payments will be forwarded by

27    the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account

28    exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

I.      **Screening Standard**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

II.     **Allegations in the Complaint**

At all times relevant to the allegations in the complaint, plaintiff was an inmate at the Amador County Jail. In his first claim for relief, plaintiff asserts that defendant Dr. Son violated

the Eighth Amendment by refusing to provide him with his prescribed medication of Suboxone for 120 days causing him to suffer from severe drug withdrawal symptoms.  Plaintiff further indicates that defendant Son refused his requests for medical treatment.  In his second claim for relief, plaintiff contends that these same facts constitute a violation of the Americans with Disabilities Act ("ADA") by the Amador County Sheriff's Department which is responsible for hiring medical staff.  In his third claim for relief, plaintiff contends that defendant Dr. Son committed medical malpractice for abruptly discontinuing his prescription for Suboxone on August 13, 2022 causing him to have a seizure and to suffer from drug withdrawal symptoms.  By way of relief, plaintiff seeks monetary compensation.

**III.    Legal Standards**

The following legal standards are being provided to plaintiff based on his pro se status as well as the nature of the allegations in his complaint.

**A.  Linkage**

The civil rights statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (citation omitted).  In order to state a claim for relief under section 1983, plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights.

**B.  Deliberate Indifference to a Serious Medical Need**

Denial or delay of medical care for a prisoner's serious medical needs may constitute a violation of the prisoner's Eighth and Fourteenth Amendment rights.  Estelle v. Gamble, 429 U.S. 97, 104-05 (1976).  An individual is liable for such a violation only when the individual is deliberately indifferent to a prisoner's serious medical needs.  Id.; see Jett v. Penner, 439 F.3d

1   1091, 1096 (9th Cir. 2006); Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002); Lopez v.

2   Smith, 203 F.3d 1122, 1131-32 (9th Cir. 2000).

3          In the Ninth Circuit, the test for deliberate indifference consists of two parts.  Jett, 439

4   F.3d at 1096, citing McGuckin v. Smith, 974 F.2d 1050 (9th Cir. 1991), overruled on other

5   grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc).  First, the

6   plaintiff must show a "serious medical need" by demonstrating that "failure to treat a prisoner's

7   condition could result in further significant injury or the 'unnecessary and wanton infliction of

8   pain.'"  Id., citing Estelle, 429 U.S. at 104.  Drug withdrawal constitutes a serious medical need

9   requiring appropriate medical care under the Eighth Amendment.  See Pajas v. Cty. of Monterey,

10   2016 WL 3648686, at *10 (N.D. Cal. July 8, 2016); see also Hernandez v. Cty. of Monterey, 110

11   F.Supp.3d 929, 948 (N.D. Cal. 2015) (stating that "[w]ithdrawal is a serious and potentially

12   deadly medical condition, with symptoms including seizures, hallucinations, agitation and

13   increased blood pressure."); Foelker v. Outagamie Cty., 394 F.3d 510, 513 (7th Cir. 2005)

14   (finding opiate withdrawal amounts to a serious medical need).  Other "[e]xamples of serious

15   medical needs include '[t]he existence of an injury that a reasonable doctor or patient would find

16   important and worthy of comment or treatment; the presence of a medical condition that

17   significantly affects an individual's daily activities; or the existence of chronic and substantial

18   pain.'"  Lopez, 203 F. 3d at 1131-1132, citing McGuckin, 974 F.2d at 1059-60.

19          Second, the plaintiff must show the defendant's response to the need was deliberately

20   indifferent.  Jett, 439 F.3d at 1096.  This second prong is satisfied by showing (a) a purposeful act

21   or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the

22   indifference.  Id.  Under this standard, the prison official must not only "be aware of facts from

23   which the inference could be drawn that a substantial risk of serious harm exists," but that person

24   "must also draw the inference."  Farmer v. Brennan, 511 U.S. 825, 837 (1994).  This "subjective

25   approach" focuses only "on what a defendant's mental attitude actually was."  Id. at 839.  A

26   showing of merely negligent medical care is not enough to establish a constitutional violation.

27   Frost v. Agnos, 152 F.3d 1124, 1130 (9th Cir. 1998), citing Estelle, 429 U.S. at 105-106.  A

28   difference of opinion about the proper course of treatment is not deliberate indifference, nor does

a dispute between a prisoner and prison officials over the necessity for or extent of medical treatment amount to a constitutional violation.  See, e.g., Toguchi v. Chung, 391 F.3d 1051, 1058 (9th Cir. 2004); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).  Furthermore, mere delay of medical treatment, "without more, is insufficient to state a claim of deliberate medical indifference."  Shapley v. Nev. Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985).  Where a prisoner alleges that delay of medical treatment evinces deliberate indifference, the prisoner must show that the delay caused "significant harm and that Defendants should have known this to be the case."  Hallett, 296 F.3d at 745-46; see McGuckin, 974 F.2d at 1060.

**C. ADA**

Title II of the Americans with Disabilities Act (ADA) "prohibit[s] discrimination on the basis of disability."  Lovell v. Chandler, 303 F.3d 1039, 1052 (9th Cir. 2002).  Title II of the ADA applies to inmates within state prisons.  Pennsylvania Dept. of Corrections v. Yeskey, 524 U.S. 206, 208 (1998).  "To establish a violation of Title II of the ADA, a plaintiff must show that (1) [he] is a qualified individual with a disability; (2) [he] was excluded from participation in or otherwise discriminated against with regard to a public entity's services, programs, or activities; and (3) such exclusion or discrimination was by reason of [his] disability."  Lovell, 303 F.3d at 1052.  "To recover monetary damages under Title II of the ADA, a plaintiff must prove intentional discrimination on the part of the defendant," and the standard for intentional discrimination is deliberate indifference.  Duvall v. County of Kitsap, 260 F.3d 1124, 1138 (9th Cir. 2001).

**IV.    Analysis**

**A. Federal Claims**

After conducting the required screening, the court finds that plaintiff sufficiently alleges an Eighth Amendment deliberate indifference claim against defendant Dr. Son.  However, there are no allegations in the complaint linking defendant Martin to any of the asserted constitutional violations.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).  Additionally, plaintiff does not state a cognizable ADA claim against the Amador County Sheriff's Department because it is based on the failure to provide plaintiff

with adequate medical treatment for his drug withdrawal.  However, lack of adequate medical

treatment is not a basis upon which to impose liability under the ADA.  See Burger v. Bloomberg,

418 F.3d 882, 882 (8th Cir. 2005) (medical treatment decisions not a basis for RA or ADA

claims); Fitzgerald v. Corr. Corp. of Am., 403 F.3d 1134, 1144 (10th Cir. 2005) (medical

decisions not ordinarily within scope of ADA or RA); Bryant v. Madigan, 84 F.3d 246, 249 (7th

Cir. 1996) ("The ADA does not create a remedy for medical malpractice.").  Plaintiff's

allegations go to the adequacy of the treatment or assistance he was receiving.  Plaintiff has not

alleged that he was excluded from participation in any program or activity based on a disability in

violation of the ADA.  Based on these deficiencies with the remaining claims and defendants,

plaintiff may choose to proceed on the Eighth Amendment deliberate indifference claim against

defendant Dr. Son, or he may attempt to cure these defects by filing a first amended complaint.

### B.  State Law Claims

In this case, the court has found that plaintiff states a cognizable Eighth Amendment

deliberate indifference claim against defendant Dr. Son.  Therefore, the court will proceed to

screen plaintiff's state law medical malpractice claim against this same defendant.  "Under

California law, the elements of a medical malpractice claim include:...'(1) a duty to use such skill,

prudence, and diligence as other members of the profession commonly possess and exercise; (2) a

breach of the duty; (3) a proximate causal connection between the negligent conduct and the

injury; and (4) resulting loss or damage.'"  Wheeler v. United States, 2012 WL 1594148, at *4

(E.D. Cal. May 4, 2012) (quoting Hernandez ex rel. Telles–Hernandez v. United States, 665

F.Supp.2d 1064, 1076 (N.D. Cal.2009)) (internal citation omitted).  The court finds that plaintiff's

complaint states a valid state law claim for medical malpractice against defendant Dr. Son for

abruptly discontinuing his Suboxone medication on August 13, 2022 causing plaintiff to have a

seizure and serious drug withdrawal.  Therefore, the court shall exercise supplemental jurisdiction

over the state law claim alleged in count three of the complaint.

Based on the court's screening of the complaint, plaintiff has the option to proceed

immediately on the Eighth Amendment deliberate indifference and state law medical malpractice

claims against defendant Dr. Son.  In the alternative, plaintiff may choose to amend the complaint

to fix the deficiencies identified in this order with respect to the remaining claims and defendants.
See Lopez v. Smith, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (district courts must afford
pro se litigants an opportunity to amend to correct any deficiency in their complaints).  If plaintiff
chooses to proceed on the claims against defendant Dr. Son found cognizable in this screening
order, the court will construe this as a request to voluntarily dismiss the additional federal claims
and defendants pursuant to Rule 41(a)(1)(i) of the Federal Rules of Civil Procedure.

### C.  Leave to Amend

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions
complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v.
Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, in his amended complaint, plaintiff must allege in
specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C.
§ 1983 unless there is some affirmative link or connection between a defendant's actions and the
claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976).  Furthermore, vague and conclusory
allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of
Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Finally, plaintiff is informed that the court cannot refer to a prior pleading in order to
make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended
complaint be complete in itself without reference to any prior pleading.  This is because, as a
general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375
F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no
longer serves any function in the case.  Therefore, in an amended complaint, as in an original
complaint, each claim and the involvement of each defendant must be sufficiently alleged.

### V.     Plain Language Summary for Pro Se Party

The following information is meant to explain this order in plain English and is not
intended as legal advice.

Some of the allegations in the complaint state claims for relief against the defendants, and
some do not.  You must decide if you want to (1) proceed immediately on the Eighth Amendment
deliberate indifference and state law medical malpractice claims against defendant Dr. Son; or, 2)

amend the complaint to fix the problems identified in this order with respect to the remaining claims and defendants. **Once you decide, you must complete the attached Notice of Election form by checking only one box and returning it to the court.**

Once the court receives the Notice of Election, it will issue an order telling you what you need to do next. If you do not return this Notice, the court will order service of the complaint only on the claims found cognizable in this screening order and will recommend dismissing the remaining claims and defendants.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for leave to proceed in forma pauperis (ECF No. 4) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff has the option to proceed immediately on the Eighth Amendment deliberate indifference and state law medical malpractice claims against defendant Dr. Son. In the alternative, plaintiff may choose to amend the complaint to fix the deficiencies identified in this order with respect to the remaining claims and defendants.

4. Within 21 days from the date of this order, plaintiff shall complete and return the attached Notice of Election form notifying the court whether he wants to proceed on the screened complaint or whether he wants time to file a first amended complaint.

5. If plaintiff fails to return the attached Notice of Election within the time provided, the court will construe this failure as consent to dismiss the deficient claims and proceed only on the cognizable claims identified above.

Dated: March 13, 2023

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/jose1558.option.docx

8

1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT
9                     FOR THE EASTERN DISTRICT OF CALIFORNIA
10
11   DAVID ABRAHAM JOSEPH,                  No.  2:22-cv-01558-CKD
12          Plaintiff,
13   v.                                     NOTICE OF ELECTION
14   MONIVIRIN SON, et al.,
15          Defendants.
16
17   **Check only one option:**
18   _____   Plaintiff wants to proceed immediately on the Eighth Amendment deliberate indifference
19   and state law medical malpractice claims against defendant Dr. Son.  Plaintiff voluntarily
20   dismisses the remaining claims and defendants; **or**
21   _____   Plaintiff wants time to file a first amended complaint.
22   DATED:
23
24
25                                              _____
                                                Plaintiff
26
27
28
                                   9